UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTTO ARCHIVE, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NB RUGS, INC., d/b/a "Doris Leslie Blau," a New York Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:25-cv-5009<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Otto Archive, LLC ("Otto Archive," "Plaintiff," or "Otto"), by and through its undersigned attorneys, hereby prays for the following relief through its complaint, against all defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

4. This action also arises under CPLR § 213(2), *et seq*.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Otto is a New York limited liability company with its principal place of business located at 22 W 23rd St, 3rd Floor, New York, NY 10010. Otto is a premier photo syndication agency that provides images of architecture and interior design created by internationally renowned photographers to communication, media, and design businesses. As the exclusive publisher, administrator, and syndicator of the photographs at issue in this case and the copyrights therein, Otto is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

8. Defendant NB Rugs, Inc. d/b/a "Doris Leslie Blau" is a New York corporation with a principal place of business located at 306 East 61st Street, 7th Floor, New York, NY 10065.

9. NB Rugs is the owner, operator, and/or controller of the commercial website dorisleslieblau.com and the related/affiliated subdomains, social media pages (including instagram.com/doris_leslie_blau, facebook.com/DorisLeslieBlauRugs, and pinterest.com/dorisleslieblau), mobile websites, and applications (collectively, "NB Rugs' Websites," "Defendants," or "NB Rugs"). The privacy policy for dorisleslieblau.com specifically addresses the "California Online Protection Act."

10. Upon information and belief, Defendants DOES 1-10 ("Doe Defendants") (collectively with NB Rugs), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATING TO PLAINTIFF'S PHOTOGRAPHS**

12. By virtue pf written agreements with the photographers responsible for creating them, Otto is the exclusive licensing and syndicating agent for, with ownership of the exclusive right to distribute or authorize for use, the original photographs depicted below ("Subject Photographs"):

| Subject Photographs |
|---|
|  OT2232512 |
|  OT2198532 |



OT2232517



OT1261460

COMPLAINT


OT2175732

13. On information and belief, NB Rugs sells luxury rugs promoted by posts and articles on its commercial website and Instagram accounts.

14. On information and belief, Defendants copied, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photographs on NB Rugs' Websites without a license, authorization, or consent from Otto (the "Accused Posts"), as seen in the screen captures depicted below:

///

///

///

///

///



COMPLAINT









15. Furthermore, NB Rugs previously exploited the Subject Photograph identified as OT1261460.

16. This was the subject of a legal action filed by Otto on August 8, 2023, in the Southern District of New York, Case No. 1:23-cv-06993-SHS, where Otto alleged, *inter alia*, that NB Rugs displayed photography from Otto's licensing portfolio on its website without consent ("Former Action").

17. Otto and NB Rugs ultimately entered into a settlement agreement to resolve the claims at issue in the Former Action ("Agreement") which became effective as of June 6, 2024.

18. In the Agreement, NB Rugs represented and warranted that "it has not and is not engaged in any exploitation of the Subject Photographs beyond the Disputed Uses, and that to

the best of its knowledge after thorough and diligent search of all websites, social media accounts, servers, and other digital and physical locations and platforms owned and operated by NB Rugs, the Subject Photographs have been removed from all webpages, URLs, social media pages, servers, and other digital or physical platforms within NB Rug's possession, custody, or control."

19. The Agreement further required that "[s]hould Otto Archive identify any other webpage or social media page not included in Exhibit A where the Subject Photographs have been used before the Effective Date of this Agreement, NB Rugs shall remove such uses within 5 business days of notice from Otto Archive."

20. Following execution of the Agreement, Otto discovered the above previously unknown instance of photograph OT1261460 being exploited by NB Rugs which had not been included among the Disputed Uses and notified NB Rug's counsel of the infringement on February 18, 2025. NB rugs failed to respond or remove the use within 5 days as required by the Agreement and has failed to respond or remove the use as the time of filing.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

21. Otto incorporates by reference the allegations contained in the preceding paragraphs.

22. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photograph on Otto's and/or the relevant photographers' websites, profiles, exhibitions, and/or social media accounts; through magazines or other publications; and/or through third-party websites or internet search engines Defendants' access to the Subject Photographs is also demonstrated because the Accused Uses, as in the Former Action, are verbatim copies of the Subject Photographs.

23. Defendants, and each of them, copied, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photographs on NB Rugs' websites and social media without a license, authorization, or consent from Otto, as seen in the screen captures and/or URLs:

24. Due to Defendants' additional acts of copyright infringement, Otto has suffered damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photography. As such, Otto is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photography in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement with actual or constructive knowledge of, and/or in reckless disregard for, Otto's rights in the Subject Photographs, Otto is entitled to enhanced damages for Defendant's willful infringement. Defendants' willfulness is evidenced by, without limitation, NB Rugs blatant disregard of Otto's take down notices and unremittent infringements.

## SECOND CLAIM FOR RELIEF

**(For Breach of Contract – Against NB Rugs)**

27. Otto Archive incorporates by reference the allegations contained in the preceding paragraphs.

28. As discussed above, Otto and NB Rugs entered into the Agreement to resolve the claims set forth in the Former Action.

29. In the Agreement, NB Rugs represented and warranted that it had not engaged in any use of Otto's photographs outside the Disputed Uses identified in the Former Action, and

further was required to promptly take down any later discovered uses within 5 days of receiving notice of such a usage.

30. Despite NB Rugs' representation and warranty, Otto discovered an additional use of one the photographs identified in the Former Action by NB Rugs on its commercial website and sent notice to NB Rugs demanding it be removed in accordance with the Agreement.

31. NB Rugs failed to remove the newly discovered infringing use within 5 days, and indeed has still not removed it as of the date of filing, thus breaching its duties and obligations under the Agreement and the material terms thereof.

32. This breach is material and caused general and special damages to Otto in an amount to be determined at trial, including without limitation damages in the form of the lost profits from the licensing fee Otto is entitled to for NB Rug's commercial exploitation of its photograph.

33. Otto further asserts that punitive damages are warranted to deter further such infringement by NB Rugs, as the monetary component of the Agreement and the Former Action evidently did not sufficiently deter NB Rugs from further infringement,

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(a) That Defendants, each of them, their respective agents, and anyone else working in concert with Defendants and their agents, be enjoined from using the Subject Photography without a license, authorization, or consent from Plaintiff in a manner that infringes Plaintiff's copyrights;

(b) That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of

trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

(c) That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

(d) That Plaintiff be awarded pre-judgment interest as allowed by law;

(e) That Plaintiff be awarded compensatory damages and punitive damages available under CPLR § 3017.

(f) That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 13, 2025     Respectfully submitted,
New York, New York

By: */s/ David Michael Stuart Jenkins*
David Michael Stuart Jenkins, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*

- 13 -

COMPLAINT